UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEM SEMENOV,<br><br>   Petitioner,<br><br>  v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>   Respondent. | No. 1:25-cv-00598-CDB (HC)<br><br>ORDER FINDING AMENDED PETITION IMPROPERLY FILED<br><br>(Doc. 11)<br><br>ORDER REQUIRING UPDATE FROM RESPONDENT<br><br>**14-Day Deadline** |

  Petitioner Artem Semenov ("Petitioner"), a federal detainee proceeding pro se and *in forma pauperis*, initiated this action by filing a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1, "Petition"). Petitioner asserts a single claim for relief, alleging that his prolonged detention by Immigration and Customs Enforcement ("ICE") violates the Due Process Clause of the Fifth Amendment. (*Id.* at 16).

  After being ordered to file a response to the Petition, Respondent moved to dismiss the Petition on July 7, 2025. (Doc. 10). Of relevance to the current issues before the Court, Respondent argues that as an arriving alien without an entry document, Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b) during his removal and asylum proceedings. (*Id.* at 2). At the time of the filing, Respondent represented that "Petitioner's next hearing [in his immigration proceedings] is scheduled for 7/14/2025." (*Id.*).

1

On July 31, 2025, Petitioner lodged/filed a first petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Doc. 11, "Amended Petition").  Notably, the Amended Petition contains Petitioner's typewritten name without a handwritten signature.  (*See id.* at 5).  Petitioner filed an opposition to the motion to dismiss on August 21, 2025.  (Doc. 13).

### **Consideration of the Amended Petition**

The Court must first consider whether the Amended Petition is properly filed and its impact on the pending motion to dismiss.

Generally, a party may amend its pleading once as a matter of course within 21 days of service of a motion to dismiss.  *See* Fed. R. Civ. P. 15(a)(1)(B).  Further, the filing of an amended pleading supersedes the original, with the original being treated as non-existent.  *Ramirez v. Cnty of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Thus, if the Amended Petition was properly filed within the time to amend under Rule 15, it would supersede the original Petition and render the motion to dismiss moot.

However, upon review of the Amended Petition, the Court concludes that it was not properly filed.

The lodging/filing of the Amended Petition may be timely under Rule 15.  While the Amended Petition was not received and docketed by the Court until July 31, 2025, it is dated July 28, 2025, exactly 21 days after Respondent filed his motion to dismiss.  (*See* Doc. 11 at 5).  As a pro se party, Petitioner is undoubtedly entitled to the benefit of "the 'mailbox rule,' which calculates a pro se prisoner litigant's filing date from the date the document is delivered to a prison official for mailing."  *Stewart v. Cate*, 757 F.3d 929, 933 n.3 (9th Cir. 2014) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).  The problem, however, is that nothing in the Amended Petition reflects that Petitioner gave the Amended Petition to detention facility officials on July 28, 2025, making it unclear whether it was timely filed.

Even if the Court "assume[s] that [Petitioner] turned his petition over to prison authorities on the same day he signed it," *Butler v. Long*, 752 F.3d 1177, 1178 n.1 (9th Cir. 2014), a further problem exists because the Amended Petition is not properly signed by Petitioner.  Pursuant to 28 U.S.C. § 2242, an "[a]pplication for writ of habeas corpus shall be in writing signed and verified

by the person for whose relief it is intended or by someone acting in his behalf." Similarly, Local Rule 131(b) requires that "[a]ll pleadings and non-evidentiary documents shall be signed … by the party involved if that party is appearing in propria persona." The Local Rules define a signature as a handwritten signature on a paper document or an electronic signature on an *electronically-filed* document. L.R. 100. Courts maintain discretion to "refuse to file, or … dismiss, an unsigned and unverified petition." *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As noted above, Petitioner's Amended Petition contains only his typewritten name without a handwritten signature. (Doc. 11 at 5). However, given that Petitioner is proceeding pro se and is not entitled to file electronically, this typewritten name in the absence of a handwritten signature is insufficient to satisfy 28 U.S.C. § 2242 and Local Rule 131(b). Accordingly, the Amended Petition was not properly filed, the original Petition remains the operative pleading, and the motion to dismiss is not moot.

**Subsequent Immigration Proceedings**

At the time Respondent filed his motion to dismiss, he argued that Petitioner was classified as an arriving alien without a valid entry document under 8 U.S.C. § 1225(b) such that he is subject to mandatory detention throughout his removal and related asylum proceedings. (*See* Doc. 10 at 2). While Petitioner disputes whether ICE maintains discretion to grant him parole, he does not dispute Respondent's classification of him or that removal proceedings were ongoing. (*See* Doc. 13).

However, in the time since Respondent filed the motion to dismiss, it appears additional proceedings have occurred in Petitioner's immigration case. Specifically, searching Petitioner's A-Number and nationality in the Department of Justice's Executive Office for Immigration Review's Automated Case Information reveals that on September 4, 2025, an immigration judge ordered Petitioner removed from the United States.[1] Thus, it appears Petitioner's removal

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 15, 2025). The Court may properly take judicial notice of Petitioner's immigration proceedings. *See Avilez v. Garland*, 69 F.4th 525, 527 n.3 (9th Cir. 2023) (finding judicial notice of "documents clarifying the status of [petitioner's] immigration case" proper because courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue").

proceedings have concluded and that such would necessarily change Petitioner's status regarding what statute he is detained under.  *Compare* 8 U.S.C. § 1225(b) (requiring detention pending asylum and/or removal proceedings) *with* 8 U.S.C. § 1231 (addressing detention and removal of aliens ordered removed).  In light of the removal order, the Court finds additional briefing warranted.

### Conclusion and Order

In accordance with the above, it is HEREBY ORDERED:

1. Petitioner's Amended Petition (Doc. 11) is DISREGARDED.  The original Petition (Doc. 1) remains the operative pleading in this action.
2. Within **14 days** of this order, Respondent shall file a copy of Petitioner's order of removal.
3. Within **21 days** of this order, Respondent shall file a supplemental brief addressing the impact of the removal order on these proceedings.
4. Petitioner may file a response to Respondent's supplemental brief within **21 days** from the date of Respondent's service upon Petitioner of his supplemental brief.

IT IS SO ORDERED.

Dated:   **October 16, 2025**                         _____
                                                                            UNITED STATES MAGISTRATE JUDGE