UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTEM SEMENOV,<br><br>          Petitioner,<br><br>     v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY,<br><br>          Respondent. | No.  1:25-cv-00598-CDB (HC)<br><br>ORDER TO SHOW CAUSE IN WRITING WHY ACTION SHOULD NOT BE DISMISSED FOR PETITIONER'S FAILURE TO KEEP THE COURT APPRISED OF HIS CURRENT ADDRESS AND TO OBEY A COURT ORDER AND THE LOCAL RULES<br><br>(Docs. 2, 14)<br><br>**14-DAY DEADLINE** |

**Relevant Background**

Petitioner Artem Semenov ("Petitioner"), a federal detainee, proceeds pro se and *in forma pauperis* with a petition for writ of habeas corpus filed under 28 U.S.C. § 2241. (Doc. 1). On May 21, 2025, Petitioner filed the instant petition while in custody of the Immigration and Customs Enforcement ("ICE") at the Golden State Annex, located in McFarland, California. *Id*. Petitioner is currently in the custody of ICE at the Golden State Annex. *Id*.

Following a preliminary review of the petition and finding that it is not clear from the face of the petition whether Petitioner is entitled to relief, on May 23, 2025, the Court ordered Respondent to file a response to Petitioner's petition within 60 days of the date of service of the order. (Doc. 4). On July 7, 2025, Respondent timely filed a motion to dismiss the petition, making Petitioner's opposition due on or before August 7, 2025. (Doc. 10). Respondent's motion includes

1  a proof of service reflecting that a copy of the motion was served on Petitioner. *Id.* Instead of
2  filing an opposition to Respondent's motion to dismiss, on July 31, 2025, Petitioner lodged a first
3  amended habeas petition for writ of habeas corpus. (Doc. 11).

4        On August 11, 2025, the Court ordered Petitioner to show cause in writing why the action
5  should not be dismissed for his failure to comply with Local Rules and to obey a court order for
6  failing to file an opposition or statement of non-opposition to the pending motion to dismiss. (Doc.
7  12). In compliance with the order, Petitioner timely filed an opposition to the pending motion to
8  dismiss. (Doc. 13).

9        On October 17, 2025, the Court entered an order (1) finding Petitioner's amended petition
10 improperly filed and thereby disregarded and (2) requiring Respondents to file a copy of
11 Petitioner's order of removal and a supplemental brief addressing the impact of the removal order
12 on these proceedings. (Doc. 14). On October 28, 2025, service of the order by mail on Petitioner
13 at his last known address—P.O. Box 1518, 611 Frontage Road, McFarland, CA 93250—was
14 returned as "Undeliverable, Not in Custody." (*See* Dkt. 10/28/2025).

15 **Order to Show Cause**

16       Local Rule 110, corresponding with Federal Rule of Civil Procedure 11, provides that
17 "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may
18 be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of
19 the Court." E.D. Cal. Local Rule 110. The Court has the inherent power to control its docket and
20 may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the
21 action. *Bautista v. Los Angeles County*, 216 F.3d 837, 841 (9th Cir. 2000). A court may dismiss
22 an action based on a party's failure to prosecute an action, obey a court order, or comply with local
23 rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure
24 to comply with a court order); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987)
25 (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424
26 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

27       As explained in the Court's first informational order, a party appearing pro se must keep
28 the Court advised of his current address. (Doc. 2 at 2). Local Rule 182(f) provides that a "pro se

party is under a continuing duty to notify the Clerk and all other parties of any change of address …. Absent such notice, service of documents at the prior address of the … pro se party shall be fully effective." Local Rule 182(f).  Pursuant to Local Rule 183(b), if mail directed to a pro se petitioner "is returned by the U.S. Postal Service, and if such [petitioner] fails to notify the Court and opposing parties within thirty (30) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute." Local Rule 183(b).

Here, Petitioner has failed to file a notice of change of address and the time to do so has passed.  This case is unable to proceed without Petitioner's participation and compliance with his continuing duty to notify the Court of any change of address.  (Doc. 2 at 2) (citing Local Rule 182); *see* Local Rule 183(b).  Accordingly, the Court will direct Petitioner to show cause in writing why sanctions should not be imposed for failure keep the Court apprised of his current address and to obey a Court order and the Local Rules.  Petitioner will be permitted to comply with this order to show cause in the alternative by filing a notice of change of address.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is ORDERED to show cause in writing **within 14 days** of the date of service of this order why sanctions should not be imposed for his failure to keep the Court apprised of his current address and to obey the Court's order and the Local Rules, as set forth herein.  Alternatively, Petitioner may comply with this order by filing by that same deadline a notice of change of address.

2. **Any failure by Petitioner to timely respond to this Order will result in the dismissal of this action, without prejudice, for Petitioner's failure to comply with the Local Rules and to obey a court order.**

IT IS SO ORDERED.

Dated:   **December 2, 2025**                             _____
                                                          UNITED STATES MAGISTRATE JUDGE